# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/22/2022
CT Log Number 541100022

**TO:** Carla U Stone
SMITHFIELD FOODS, INC.
200 Commerce St
Smithfield, VA 23430-1204

**RE:** **Process Served in California**

**FOR:** Smithfield Packaged Meats Corp.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA CAMACHO BELTRAN, an individual, // To: Smithfield Packaged Meats Corp. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Cover Sheet Addendum and Statement, Notice(s), First Amended General Order, Attachment(s), Stipulation(s), Informal Discovery Conference, Stipulation and Order, Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # 21STCV46660 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 06/18/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/22/2022 at 02:08 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jace H. Kim The Dominguez Firm, LLP 3250 Wilshire Boulevard Suite 2200 Los Angeles, CA 90010 213-388-7788 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/23/2022, Expected Purge Date: 02/28/2022 |
| | Image SOP |
| | Email Notification,  Michael Flemming  mflemming@smithfield.com |
| | Email Notification,  Tennille Checkovich  tcheckovich@smithfield.com |
| | Email Notification,  Tia Haywood  thaywood@smithfield.com |
| | Email Notification,  Michael Stark  mstark@smithfield.com |
| | Email Notification,  Andrea Calem  acalem@smithfield.com |

 CT Corporation

**Service of Process Transmittal**
02/22/2022
CT Log Number 541100022

**TO:**    Carla U Stone
SMITHFIELD FOODS, INC.
200 Commerce St
Smithfield, VA 23430-1204

**RE:**    **Process Served in California**

**FOR:**   Smithfield Packaged Meats Corp.  (Domestic State: DE)

Email Notification,  Carla U Stone  custone@smithfield.com

**REGISTERED AGENT ADDRESS:**    C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-401-8252
EastTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Feb 22, 2022

**Server Name:**             GERARDO MARTINEZ

| Entity Served | SMITHFIELD PACKAGED MEATS CORP. |
|---|---|
| Case Number | 21STCV46660 |
| Jurisdiction | CA |



Case 2:22-cv-01941-JFW-AGR   Document 1-1   Filed 03/24/22   Page 5 of 22   Page ID #:16
Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 02:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV46660

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SMITHFIELD PACKAGED MEATS CORP., a corporation dba FARMER JOHN; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA CAMACHO BELTRAN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>21STCV46660 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jace H. Kim, Esq.; The Dominguez Firm, LLP; 3250 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 388-7788

| DATE:<br>*(Fecha)* 12/22/2021 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court<br>C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | *(Secretario)* | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **SMITHFIELD PACKAGED MEATS CORP., a corporation dba FARMER JOHN**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Case 2:22-cv-01941-JFW-AGR   Document 1-1   Filed 03/24/22   Page 6 of 22   Page ID #:17
Electronically FILED by Superior Court of California, County of Los Angeles on 12/22/2021 02:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV46660

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

Jace H. Kim, Esq. (SBN 282039)
*Jace.Kim@Dominguezfirm.com*
Carlos Andres Perez, Esq. (SBN 285645)
*Carlos.Perez@Dominguezfirm.com*
Javier Ramirez, Esq. (SBN 249516)
*Javier.Ramirez@Dominguezfirm.com*
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Telephone: (213) 388-7788
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
MARIA CAMACHO BELTRAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| MARIA CAMACHO BELTRAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SMITHFIELD PACKAGED MEATS CORP., a corporation dba FARMER JOHN; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 21STCV46660 <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **VIOLATION OF THE PREGNANCY DISABILITY LEAVE LAW (GOV'T CODE §12945(a));** <br><br> 2. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 4. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** <br><br> 5. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;** <br><br> 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br><br> **DEMAND OVER $25,000** <br><br> **[DEMAND FOR JURY TRIAL]** |

///
///

-1-

**COMES NOW PLAINTIFF, MARIA CAMACHO BELTRAN,** and for causes of action against the Defendants and each of them, alleges as follows:

### JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

### THE PARTIES

2.     Plaintiff, MARIA CAMACHO BELTRAN, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SMITHFIELD PACKAGED MEATS CORP (hereinafter referred to as "EMPLOYER," or "DEFENDANT,") was and is a corporation doing business as FARMER JOHN located at 3049 Vernon Avenue, Vernon, in the County of Los Angeles, State of California.

4.     At all times relevant herein, DEFENDANTS and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

5.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

///

-2-
COMPLAINT FOR DAMAGES

6.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

7.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

8.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

9.     Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between DEFENDANTS and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

1    11.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

2    purported corporate existence, DEFENDANTS and DOES 1-20 are, in reality, one and the same as

3    Defendants, including, but not limited to because:

4          a.    DEFENDANTS are completely dominated and controlled by one another and

5    DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint,

6    and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or

7    accomplish some other wrongful or inequitable purpose.

8          b.    DEFENDANTS and DOES 1-20 derive actual and significant monetary benefits

9    by and through one another's unlawful conduct, and by using one another as the funding source for their

10   own personal expenditures.

11         c.    DEFENDANTS and DOES 1-20, while really one and the same, were segregated

12   to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

13   accomplishing some other wrongful or inequitable purpose.

14         d.    DEFENDANTS do not comply with all requisite corporate formalities to maintain

15   a legal and separate corporate existence.

16         e.    The business affairs of DEFENDANTS and DOES 1-20 are, and at all times

17   relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same

18   are in inextricable confusion. DEFENDANTS are, and at all times relevant hereto were, used by one

19   another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and

20   are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of

21   Defendants would not promote justice, in that it would permit Defendants to insulate themselves from

22   liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate

23   existence of DEFENDANTS and DOES 1-20 should be disregarded in equity and for the ends of justice

24   because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

25   12.    Accordingly, DEFENDANTS constitute the alter ego of one another and DOES 1-20, and

26   the fiction of their separate corporate existence must be disregarded.

27   13.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

28   thereon alleges that DEFENDANTS and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

-4-

COMPLAINT FOR DAMAGES

1    enterprise, and that Plaintiff was an employee of DEFENDANTS and DOES 1-20. Plaintiff performed

2    services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

3    Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in

4    which Defendants' business was and is conducted.

5         14.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and

6    between DOES 1-20, DEFENDANTS, or any of them, (1) there is an express or implied agreement of

7    assumption pursuant to which DEFENDANTS and/or DOES 1-20 agreed to be liable for the debts of the

8    other Defendants, (2) the transaction between DEFENDANTS and/or DOES 1-20 and the other

9    Defendants amounts to a consolidation or merger of the two corporations, (3) DEFENDANTS and/or

10   DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to

11   DEFENDANTS and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants'

12   debts. Accordingly, DEFENDANTS and/or DOES 1-20 are the successors of one or more of the other

13   Defendants and are liable on that basis.

14

15                              **FACTUAL ALLEGATIONS**

16        15.    On or about June 6, 2018, EMPLOYER hired PLAINTIFF to work in the Quality

17   department. PLAINTIFF was a non-exempt employee and performed all of PLAINTIFF'S job duties

18   satisfactorily before she was wrongfully terminated on or about June 18, 2021. Guadalupe Martinez

19   ("MARTINEZ") was PLAINTIFF'S supervisor.

20        16.    In or around January 2021, PLAINTIFF notified MARTINEZ that she was pregnant.

21   Thereafter, PLAINTIFF continued to work for DEFENDANTS while pregnant. PLAINTIFF also

22   requested help performing her job due to PLAINTIFF'S pregnancy. However, EMPLOYER did not

23   provide PLAINTIFF with help, and PLAINTIFF was forced to continue doing her regular job duties

24   while pregnant.

25        17.    PLAINTIFF discussed her upcoming Pregnancy Disability Leave ("PDL") with

26   MARTINEZ. PLAINTIFF provided MARTINEZ a medical note indicating that PLAINTIFF was to

27   begin her PDL on or about April 30, 2021.

28        18.    On or about April 30, 2021, Plaintiff began PDL.

-5-
COMPLAINT FOR DAMAGES

19.    On or about May 31, 2021, PLAINTIFF gave birth to a baby boy.

20.    At first, EMPLOYER allowed PLAINTIFF to go on PDL. Then, on or about June 18, 2021, Margarita Uriate ("URIATE") from Human Resources informed PLAINTIFF that she had been fired effective May 15, 2021, for accumulating unapproved absences. PLAINTIFF protested this and complained to URIATE that she informed EMPLOYER of her pregnancy and intent to take PDL.

21.    On or about June 21, 2021, PLAINTIFF presented herself to work and spoke with URIATE. PLAINTIFF requested URIATE and EMPLOYER allow PLAINTIFF to return to work when she would be medically cleared to return on or about July 12, 2021. PLAINTIFF provided URIATE with a doctor's note and told URIATE that PLAINTIFF had already given notice of pregnancy and intent to take PDL to EMPLOYER. URIATE refused to allow PLAINTIFF to return to work.

22.    Despite PLAINTIFF'S multiple communications and attempts to return to work, EMPLOYER failed or refused to return PLAINTIFF to work and wrongfully terminated PLAINTIFF'S employment on or about June 18, 2021.

23.    DEFENDANTS terminated PLAINTIFF in retaliation and while on PDL.

24.    At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability, pregnancy disability and/or medical condition such that Plaintiff could continue working for Defendants.

25.    At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

26.    Plaintiff's termination was substantially motivated by Plaintiff's disability, pregnancy disability or perceived disability, medical condition or perceived medical condition, request for accommodation, request for PDL, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

27.    Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or

1  create policy for Defendants. The aforementioned conduct of said managing agents and individuals was
2  therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and
3  conduct of said individuals whose actions and conduct were ratified, authorized, and approved by
4  managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified
5  and designated herein as DOES 1 through 20, inclusive.

6     28.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
7  and special damages, including severe and profound pain and emotional distress, anxiety, depression,
8  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
9  counseling and treatment, and past and future lost wages and benefits.

10    29.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
11  commissions, benefits and loss or diminution of earning capacity.

12    30.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
13  sum in excess of the jurisdictional minimum of this Court.

14    31.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or
15  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
16  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
17  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
18  Court.

19
20                          **FIRST CAUSE OF ACTION**
21          **VIOLATION OF CALIFORNIA PREGNANCY DISABILITY LEAVE LAW**
22                              **GOV'T CODE §12945**
23                            **AGAINST ALL DEFENDANTS**

24    32.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as
25  though set forth in full herein.

26    33.    At all times hereto, the California Pregnancy Disability Leave Law ("PDLL"), codified
27  by Government Code §12945 Cal. Code Regs., tit. 2, § 11035, et seq, was in full force and effect and was
28  binding upon Defendants. Under the PDLL, all employers must provide a leave of up to four months, as

---

-7-

COMPLAINT FOR DAMAGES

1    needed, for the period(s) of time an employee is actually disabled because of pregnancy, even if an

2    employer has a policy or practice that provides less than four months of leave for other similarly situated,

3    temporarily disabled employees. Pregnancy disability leave does not need to be taken in one continuous

4    period of time. An employer is required to give its employees reasonable advance notice of employees'

5    FEHA rights and obligations regarding pregnancy, childbirth, or related medical conditions, including

6    the right to intermittent leave.  An employer is also required to give an employee a copy of the appropriate

7    notice as soon as practicable after the employee tells the employer of her pregnancy or sooner if the

8    employee inquires about reasonable accommodation, transfer, or pregnancy disability leaves.

9        34.    The PDLL makes it an unlawful employment practice for an employer:

10           a.    to refuse to provide reasonable accommodation for an employee for a condition

11   related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the

12   advice of the employee's health care provider;

13           b.    to refuse to temporarily transfer a pregnant employee to a less strenuous or

14   hazardous position for the duration of the pregnancy if the employee so requests, with the advice of the

15   employee's physician, where that transfer can be reasonably accommodated;

16           c.    to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any

17   right provided under the PDLL.

18       35.    Further, because the PDLL is part of the FEHA, Government Code §12940(h) makes it

19   unlawful for an employer to refuse to hire, select for a training program or promote, and may not

20   discharge, discriminate or retaliate against, an employee because of pregnancy (or perceived pregnancy,

21   breastfeeding or related medical conditions).

22       36.    Defendants violated the PDLL by interfering with or restraining Plaintiff from exercising

23   or attempting to exercise Plaintiff's right to protected leave, including intermittent leave, under the PDLL,

24   by failing to give Plaintiff notice of Plaintiff's rights under the PDLL, including the right to take protected

25   leave and/or intermittent leave.

26       37.    Defendants violated the PDLL by refusing to provide accommodation to Plaintiff for her

27   pregnancy-related condition, made at the request of her health care provider, refused to temporarily

28

1 | transfer Plaintiff to a less strenuous position, with the advice of her physician, and instead terminated
2 | Plaintiff's employment.

3 |      38.    Defendants violated the PDLL by refusing to reinstate Plaintiff to Plaintiff's position of
4 | employment following Plaintiff's exercise of the right to take protected PDLL leave.

5 |      39.    Defendants violated the PDLL by terminating Plaintiff's employment for having exercised
6 | the right to take protected PDLL leave.

7 |      40.    The above said acts of Defendants' constitute violations of PDLL, and were a proximate
8 | cause in Plaintiff's damage as stated below.

9 |      41.    The foregoing conduct of Defendants individually, or by and through their managing
10 | agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried
11 | on by the Defendants with a willful and conscious disregard of the right of Plaintiff or subjected Plaintiff
12 | to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice,
13 | oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount
14 | appropriate to punish or make an example of Defendants.

15 |      42.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
16 | attorneys' fees and costs, including expert fees pursuant to the FEHA.

17 |

18 | **SECOND CAUSE OF ACTION**

19 | **FOR DISCRIMINATION**

20 | **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

21 | **AGAINST ALL DEFENDANTS**

22 |      43.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as
23 | though set forth in full herein.

24 |      44.    At all times hereto, the FEHA was in full force and effect and was binding upon
25 | Defendants and each of them.

26 |      45.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers
27 | to discrimination on the bases of one or more of the protected characteristics under FEHA.

28 | ///

46.     FEHA requires Defendants to refrain from discriminating against an employee on the basis of gender, sex, pregnancy, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

47.     Plaintiff was a member of multiple protected classes as a result of Plaintiff's sex, gender, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

48.     At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

49.     Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

50.     Plaintiff is informed and believes that Plaintiff's gender, sex, pregnancy, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

51.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

52.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

53.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

### THIRD CAUSE OF ACTION

### FOR RETALIATION

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

54.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

55.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

56.    These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

57.    Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's gender, sex, pregnancy, disability, medical condition, real or perceived, and use of medical leave.

58.    Plaintiff suffered the adverse employment actions of unlawful discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

59.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

60.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove. Plaintiff's engagement in such protected activities were a substantial factor in Defendants' decision to subject Plaintiff to the aforementioned adverse employment actions.

///

///

-11-

COMPLAINT FOR DAMAGES

61.   Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

62.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

63.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

64.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS**

65.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

66.   At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

67.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

///

-12-

COMPLAINT FOR DAMAGES

68.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION

## FOR RETALIATION

## IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.

## AGAINST ALL DEFENDANTS

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

71.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

72.     At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours

-13-

1  during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of

2  the worksite at which Plaintiff worked.

3      73.     Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the

4  family care and medical leave that Plaintiff requested.

5      74.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting

6  to exercise Plaintiff's right to protected medical leave under the CFRA.

7      75.     Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising

8  or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give

9  Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

10     76.     Plaintiff suffered the adverse employment actions of unlawful discrimination and

11 termination.

12     77.     Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right

13 to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the

14 aforementioned adverse employment actions.

15     78.     The above said acts of Defendants constitute violations of the CFRA, and were a

16 proximate cause in Plaintiff's damage as stated below.

17     79.     The foregoing conduct of Defendants individually, or by and through their officers,

18 directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was

19 despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of

20 Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

21 such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to

22 punitive damages in an amount appropriate to punish or make an example of Defendants.

23     80.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

24 attorneys' fees and costs, including expert fees pursuant to the FEHA.

25 ///

26 ///

27 ///

28 ///

-14-

COMPLAINT FOR DAMAGES

### SIXTH CAUSE OF ACTION

### FOR WRONGFUL TERMINATION

### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

### AGAINST ALL DEFENDANTS

81.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

82.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of gender, sex, pregnancy, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

83.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of gender, sex, pregnancy, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

84.     Plaintiff believes and thereon alleges that Plaintiff's gender, sex, pregnancy, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

85.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

86.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

87.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.     For punitive damages, pursuant to Civil Code §3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

4.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

5.     For post-judgment interest; and

6.     For any other relief that is just and proper.

DATED: December 21, 2021                    THE DOMINGUEZ FIRM, LLP

                                                              By: _____
                                                                    Jace H. Kim, Esq.
                                                                    Carlos Andres Perez, Esq.
                                                                    Javier Ramirez, Esq.
                                                                    Attorneys for Plaintiff,
                                                                    MARIA CAMACHO BELTRAN

-16-

COMPLAINT FOR DAMAGES

1

### JURY TRIAL DEMANDED

2

Plaintiff Maria Camacho Beltran demands trial of all issues by jury.

3

DATED: December 21, 2021                    **THE DOMINGUEZ FIRM, LLP**

4

5

By:

6

Jace H. Kim, Esq.

7

Carlos Andres Perez, Esq.
Javier Ramirez, Esq.
Attorneys for Plaintiff,

8

MARIA CAMACHO BELTRAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

COMPLAINT FOR DAMAGES